UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIAS SALVADOR CORTEZ,
*individually an on behalf of others similarly situated,*

                Plaintiff,

                -v.-

BANG FAMILY, INC., *et al.,*

                Defendants.

18 Civ. 9475 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

On October 16, 2018, Plaintiff initiated this case. (Dkt. #1). Defendants never entered an appearance. Plaintiff has sought and received Certificates of Default as to certain of the defendants (Dkt. #21, 22, 23, 39), but not all of the defendants. On August 2, 2019, the Court ordered Plaintiff to file a motion for default judgment on or before August 16, 2019. (Dkt. #42). On August 16, 2019, the Court received a letter from Plaintiff's Counsel, requesting an extension of time to file a motion for default judgment because it had been unable to get into contact with Plaintiff. (Dkt. #44). Plaintiff's Counsel moved to withdraw on September 19, 2019, based on Counsel's inability to communicate with Plaintiff. (Dkt. #47, 48). On September 27, 2019, the Court granted Plaintiff's Counsel's motion to withdraw as counsel. (Dkt. #50). Also on September 27, 2019, the Court issued a final order, requiring Plaintiff show cause, in writing on or before October 25, 2019, why this case should not be dismissed for failure to prosecute. (Dkt. #51). Plaintiff has failed to respond to this Order or offer any justification as to why the case should not be dismissed

for failure to prosecute.  Based on Plaintiff's failure to respond to the Court's order to show cause and consistent failure to participate in this case, the Court understands that no party intends to proceed with this case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'"  *Lawrence* v. *Curry Shack, Corp.*, No. 17 Civ. 10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons* v. *Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).  Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann* v. *Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

The Court finds that as "Plaintiff has made no effort to comply with the Court's Orders or to prosecute this case, it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket."  *Antonio* v. *Beckford,* No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).  Given the absence of participation by Plaintiff, the Court does not believe that a sanction other than dismissal would be effective.  However, under these circumstances, the Court finds that dismissal without prejudice is an appropriate sanction which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no

activity." *Amoroso* v. *Cty. of Suffolk*, No. 08 Civ. 826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close the case.

SO ORDERED.

Dated: October 28, 2019
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge